IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br>10 S. Howard Street, 3rd Floor<br>Baltimore, MD 21201,<br><br>Plaintiff,<br><br>v.<br><br>R.V. Associates Limited, d/b/a Windsor Inn,<br>7207 Windsor Mill Road<br>Baltimore, MD 21244,<br><br>Defendant. | Civil Action No.<br><br><br><u>COMPLAINT</u><br><br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation, and to provide appropriate relief to former employee Jane Doe,[1] current employee Keysha Costley, and similarly situated female employees of Defendant R.V. Associates Limited, d/b/a Windsor Inn ("Defendant" or "Windsor Inn"). As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant unlawfully subjected Doe, Costley, and a class of similarly situated female employees to a sexually hostile work environment by Defendant's owner Dimitrios (a.k.a. Jimmy) Vangelakos and other employees. The Commission further alleges that the hostile work environment culminated in Doe's constructive discharge. Additionally, the Commission alleges that Defendant retaliated against Costley by temporarily suspending her employment and

---

[1] Given the public interest in protecting the identities of sexual assault victims, the EEOC is utilizing a pseudonym for the former employee.

thereafter keeping her hours at a reduced level because she refused to submit to Vangelakos's sexual demands and because she filed a charge with the EEOC.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a limited liability company doing business and operating within the State of Maryland with at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, both Jane Doe and Keysha Costley filed charges with the Commission alleging violations of Title VII by Windsor

2

Inn.

7.  On or around September 2, 2015, the Commission issued to Defendant two Letters of Determination finding reasonable cause to believe that Title VII was violated as to Jane Doe, Keysha Costley, and a class of similarly situated females, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.  The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the two Letters of Determination.

9.  The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On or around October 23, 2015, the Commission issued to Defendant two Notices of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

12. Since at least January 2011, Defendant has engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by subjecting Jane Doe, Keysha Costley, and similarly situated female employees to sexual harassment and a sexually hostile work environment by Owner Dimitrios (a.k.a. Jimmy) Vangelakos. Incidents of harassment by Vangelakos against female employees include, but are not limited to, those set forth in Paragraphs 13-18.

13. Vangelakos made frequent sexual comments to female employees, such as, telling female employees he wanted them to perform oral sex on him, saying to one female employee "I

want to put my dick between your breasts while you lick it," asking female employees to come to his office "for a little [sex]," remarking on female employees' breasts and rear ends, asking what a female employee does with her boyfriend, asking female employees for a "suck," offering money to female employees for sexual favors, promising preferential treatment to female employees in exchange for sexual favors, and asking to touch female employees' breasts and vaginas.

14. Vangelakos also engaged in frequent sexual touching of female employees, including trying to force a female employee's hand onto his penis, attempting to put his hands down a female employee's pants, and cornering female employees at their work station.

15. Vangelakos pressured female employees to drink alcohol and take alcohol shots with him at the bar.

16. Vangelakos raped Doe in his office on or around May 1, 2014.

17. On a separate occasion, Vangelakos forced Doe to perform oral sex on him in his office, where a handgun was prominently displayed on his desk.

18. Defendant constructively discharged Doe.

19. In addition, Vangelakos allowed a hostile work environment to exist at the Windsor Inn, as set forth in Paragraphs 20-23.

20. On or around April 13, 2014, Manager Tyra Johnson choked Doe during an argument. Doe complained to Vangelakos, but Vangelakos took no action in response to Doe's complaints.

21. On or around July 26, 2014, kitchen staff member Mitchell Chabarilla slapped Doe repeatedly on the rear end and then grabbed her and tried to force himself on her, saying "give me some pussy." Managers observed what occurred and took no action.

4

22. On or around September 15, 2014, a bar patron physically assaulted Doe by punching her in the face, scratching her, and pulling her hair. Manager Tyra Johnson observed the assault and took no action. Doe called Vangelakos to complain and he also took no action in response to her complaint.

23. On or around September 21, 2014, another server, Mary Smith,[2] was sexually assaulted by a kitchen staff employee in the employee bathroom.

24. Defendant engaged in unlawful employment practices against Keysha Costley, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it retaliated against her, as set forth in Paragraphs 25-26 below.

25. On or around August 3, 2014, Vangelakos demanded that Costley come to his office for "a little bit," making it clear that he wanted a sexual encounter with her. Costley refused and about an hour later, Vangelakos suspended Costley for one week.

26. Since returning to work, Costley has occasionally tried to increase her hours to secure additional income, but Vangelakos has continued to retaliate against her by denying her requests and telling other female employees that he did not want Costley working additional hours because she filed an EEOC charge.

27. The effect of the practices complained of above has been to deprive Jane Doe, Keysha Costley, and similarly situated female employees of equal employment opportunities and otherwise adversely affect their rights under Title VII resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

28. The unlawful employment practices complained of above were intentional.

---

[2] Given the public interest in protecting the identities of attempted sexual assault victims, the EEOC is also utilizing a pseudonym for this employee.

29. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jane Doe, Keysha Costley, and similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and from retaliating against persons who engage in protected activity;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate sexual harassment and retaliation, which prevent sexual harassment and retaliation from occurring in the future, and which eradicate the effects of past and present unlawful employment practices;

C. Order Defendant to make whole Jane Doe, Keysha Costley, and similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

D. Order Defendant to make whole Jane Doe, Keysha Costley, and similarly situated female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, depression, inconvenience, loss of enjoyment of life, embarrassment, degradation, and humiliation;

E. Order Defendant to pay Jane Doe, Keysha Costley, and similarly situated females employees punitive damages for its malicious and reckless conduct described in above, in

amounts to be determined at trial;

F.  Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of sex, that it will not retaliate against any employee for engaging in protected activity, and will comply with all aspects of Title VII;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney

AMBER TRZINSKI FOX
Trial Attorney, Bar ID 803666
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2763 (phone)
amber.fox@eeoc.gov